Southern Steamship Company v. Daniel P. Sparks.

A wharfinger, no less than a common carrier, may make what contract he pleases, as to his compensation.

If a tavern keeper, warehouseman, or wharfinger, give notice of his rates of charges to a customer, in advance, the latter, by putting up at his tavern, or making use of his warehouse or wharf, impliedly contracts to pay such charges; and cannot afterwards disaffirm his contract, or refuse payment upon the ground that the charges are more than is reasonable.

Appeal from Calhoun. Tried below before the Hon. Fielding Jones.

Suit by the appellee, against the appellant, upon an account for $253 38 for wharfage dues, exhibiting a bill of particulars, and alleging that the rates charged were reasonable and customary; by amendment of his petition, he set out a copy of the published rates of charges on his wharf, of which it was averred, the defendants had notice, before contracting the account sued on, and also that the charges in the account sued on, corresponded with the published rates. The defendants

42

pleaded a general denial. Before the trial, it was admitted that the quantity of freight, as charged, had been placed upon the plaintiff's wharf, and that the defendants were obliged to pay whatever rates of wharfage on the same, plaintiff was entitled to charge. It was also proven, that defendants had notice of plaintiff's published rates of charges, previously to the use of the wharf sued for.

The defendants, during the trial, inquired of a witness, if the charges in the bill of particulars were not more than a reasonable and remunerative compensation to the plaintiff, for the use made of the wharf by the defendants; and whether there were any uniform, customary charges; and if the notice by the plaintiff, was not the first establishment of such rates. To all which the plaintiff objected, and his objection was sustained, and the defendants excepted.

The court instructed the jury: "If you believe that the de-"fendants had full notice of the terms upon which plaintiff "authorized parties to use his wharf, then the defendants would "be bound by the terms, as set out in the notice, if they subse-"quently used it, and you should find for the plaintiff accord-"ingly."

Verdict and judgment for the plaintiff for the amount claimed. The defendants moved for a new trial, on the ground that the court erred in excluding the testimony offered by them, and in the instructions given to the jury. The motion was overruled, and defendants gave notice of appeal.

*F. S. Stockdale*, for appellants. There is no question made, as to the quantity of goods placed on the wharf; nor as to the obligation of the Steamship Company to pay whatever rates of wharfage, (for such use of the wharf as is proven in this case,) as could be charged upon the goods. The question presented in the case, is, can public wharfingers, fix and establish the rates of wharfage to be collected from a particular individual, for the use of their wharves, by a simple notice to the party using? It is contended by the appellants, that they cannot; but

on the contrary, that they are only entitled to *usual* rates, where there are such, or to *reasonable compensation*, unless there is a special contract.

The case is analogous to that of an innkeeper, or common carrier. Although a wharfinger is not liable as a common carrier, his obligation, in his business, to undertake and do for all alike, and for *usual* or *reasonable* compensation, is the same. (1 Parsons on Contracts, 648, 649.)

"A tender of his *usual* or *reasonable* compensation, obliges "a common carrier to carry ; and when he carries without spe-"cial agreement, this is all he can recover." (Ibid.)

The defendants used the wharf in the manner described, at their own special request, and by the consent of the plaintiff, without agreement or understanding, as to the rates to be paid for such use. Unless the notice described that use, and affixed a rate, the defendants could not certainly be bound by the intention of the plaintiff's agent.

*Rector* and *Holt*, for appellee.

WHEELER, CH. J. It cannot be doubted, that a wharfinger, no less than a common carrier, (1 Parsons on Contracts, 649,) may make what contract he pleases, as. to his compensation. If a tavern keeper, warehouseman, or wharfinger, specifies his rates of charges, and gives notice to a customer in advance, and the latter afterwards puts up at his tavern, or makes use of his warehouse or wharf, he thereby assents to the proposed charges, and cannot refuse to pay them, upon the ground that they are more than is reasonable or customary. By the use of the wharf, after notice of the plaintiff's rates of charges, the defendants impliedly contracted to pay them, and they cannot now disaffirm their contract. There is no error in the judgment, and it is affirmed.

Judgment affirmed.